**Mark E. KIRBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1623–92.**

Court of Criminal Appeals of Texas.

June 8, 1994.

C. Lewis Hoffner, court appointed on appeal, Plano, for appellant.

Tom O'Connell, Dist. Atty., Mary A. Scanlon, Asst. Dist. Atty., McKinney, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant pleaded guilty to felony burglary of a building, adjudication of guilt was deferred and he was given five years probation. Appellant's guilt was subsequently adjudicated, and he was sentenced to seventeen years imprisonment. The Fifth District Court of Appeals affirmed. *Kirby v. State,* No. 05–90–01463–CR slip op., 1992 WL 122828 (Tex. App.—Dallas 1992) (unpublished opinion). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that appellant had the right to appeal and request a statement of facts at the time of his deferred adjudication probation and that because he failed to do so at that time, his request for a statement of facts was not timely.

I.

On September 15, 1987, appellant pled guilty to felony burglary and was given five years probation on a deferred adjudication of guilt. The State filed a motion to proceed to adjudication on June 1, 1990. The hearing on the motion to adjudicate was conducted on September 25, 1990, at which time the State's motion was granted. Upon adjudication of guilt, appellant was sentenced to seventeen years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant gave notice of appeal on October 10, 1990. On October 22, 1990, appellant requested the statement of facts, including the transcription of the court reporter's notes from the September 15, 1987 plea proceeding. However, because a court reporter is only required to keep his notes for three years pursuant to Government Code section 52.046(a)(4),[1] the notes from appellant's plea proceeding had been destroyed.

In support of his claim that he is entitled to a new trial appellant relies upon Rule of Appellate Procedure 50(e) which provides that when the court reporter's notes have "been lost or destroyed without appellant's fault, the appellant is entitled to a new trial." TEX.R.APP.P. 50(e); *see also Dunn v. State,* 733 S.W.2d 212 (Tex.Crim.App.1987) (entitling defendant to a new trial because the record on appeal did not contain a complete transcription of the court reporter's notes). Based upon *Corley v. State,* 782 S.W.2d 859 (Tex.Crim.App.1989) and *Dillehey v. State,* 815 S.W.2d 623 (Tex.Crim.App.1991), the Court of Appeals held that appellant had a right to appeal the September 15, 1987 deferred adjudication of guilt and could have requested a statement of facts at that time. *Kirby,* slip op. at 4, 1992 WL 122828. The court concluded that appellant's request for the statement of facts after his adjudication of guilt and the destruction of the court reporter's notes was not timely. Therefore, he was not entitled to a new trial under Rule of Appellate Procedure 50(e). *Id.*

Appellant claims that his request for the statement of facts was timely because he

---

1. The general powers and duties of court reporters are provided for in § 52.046(a)(4) which provides in pertinent part: "[on] request, an official court reporter shall: (4) preserve the notes for future reference for three years from the date on which they were taken."

could not have filed an appeal until after his adjudication of guilt on September 25, 1990. Appellant contends that according to the controlling statute and relevant case law at the time of his plea, he had no right to appeal the order deferring adjudication of guilt, although normal appellate remedies were available after the adjudication of guilt. TEX. CODE CRIM.PROC.ANN. art. 42.12 § 3d (Vernon Supp.1987); *McDougal v. State*, 610 S.W.2d 509, 509 (Tex.Crim.App.1981). Appellant criticizes the Court of Appeals' reliance on *Corley* and *Dillehey*, claiming that those cases are not controlling.

The State contends the Court of Appeals correctly decided that appellant had the right to appeal and to request a statement of facts at the time his deferred adjudication probation was granted. The State further asserts that nothing in the Code of Criminal Procedure or caselaw precluded appellant from requesting the statement of facts after his initial plea and before the destruction of the court reporter's notes. Since appellant did not request the statement of facts until after the time the notes could be destroyed, the State argues that the request was not timely.

At the time of appellant's deferred adjudication, we had interpreted article 42.12 § 3d,[2]

2. At the time of appellant's deferred adjudication, article 42.12 § 3d of the Code of Criminal Procedure provided in pertinent part that

the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation ... On violation of a condition of probation ... defendant is entitled to a hearing ... [on] whether it [the court] proceeds with an adjudication of guilt on the original charge ... No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including ... defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3d (Vernon Supp.1987).

3. The Legislature has subsequently addressed this "hiatus in the law" with the passage of TEX.CODE CRIM.PROC.ANN. art. 44.01(j), which we have since interpreted as allowing a defendant to appeal "even though he has received deferred adjudication probation and has not been adjudicated guilty." *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex.Crim.App.1991). Our interpretation of article 44.01(j) was based upon legislative history demonstrating that the purpose of article 44.01(j)

the Code provision pertaining to deferred adjudication, to preclude a defendant from appealing an order deferring adjudication:

Art. 42.12, Sec.3d ... specifically provide[s] that no appeal may be taken from a trial court's determination to proceed with an adjudication of guilt. *We conclude that the clear import of these statutory provisions is likewise to preclude appellate review of an order deferring adjudication.* See *George v. State*, 557 S.W.2d 787 (Tex. Cr.App.1977). If a defendant is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication as provided in Art. 42.12, Sec.3d(a).... After adjudication of guilt, a defendant's normal appellate remedies are available to him.

*McDougal v. State*, 610 S.W.2d 509, 509 (Tex. Crim.App.1981) (footnote omitted) (emphasis added). Accordingly, the law as it existed at the time of appellant's plea did not entitle appellant to appeal from the order deferring adjudication of his guilt and setting forth probation.[3] *Id.* The Court of Appeals erred in holding that appellant had a right to appeal the order deferring adjudication of guilt.[4]

was to "allow the person to appeal from a deferred adjudication probation the same as they can appeal from a regular probation." *Id.* at 625. (quoting from the second reading of the floor amendment). Article 44.01 was amended to include the following subsection (j), effective November 3, 1987:

[n]othing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code.

Subsection (j) applies prospectively only. TEX. GOV'T CODE § 311.022 (statute presumed prospective in operation unless expressly made retrospective).

4. As appellant correctly maintains, *Dillehey*, relied upon by the Court of Appeals, is not controlling because the article 44.01(j) amendment relied upon there had not been passed at the time appellant was granted deferred adjudication probation. *See Fn. 3, infra.* Neither is *Corley* controlling because that case was not a deferred

As appellant's right to appeal did not arise until his guilt was adjudicated on September 25, 1990, he timely requested the statement of facts within 30 days of that date. TEX. R.APP.P. 41(b)(1). The fact that the court reporter had destroyed her notes, as she was permitted to do after the passage of three years,[5] was not due to the fault of appellant. The Court of Appeals erred in holding that appellant failed to timely request a statement of facts at the time of his deferred adjudication probation.

Rule of Appellate Procedure 50(e) provides in part that:

> If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX.R.APP.P. 50(e). The court reporter's notes were destroyed pursuant to statutory authority, without fault on the part of appellant. Accordingly, appellant is entitled to a new trial. TEX.R.APP.P. 50(e); *Dunn v. State,* 733 S.W.2d 212, 214 (Tex.Crim.App. 1987).

The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court.

BAIRD, J., concurs and dissents with statement.

McCORMICK, P.J., dissents with a statement.

CAMPBELL, WHITE and OVERSTREET, JJ., dissent.

BAIRD, Judge, concurring and dissenting.

Although I join the majority opinion, I dissent to the decision to publish. The Court of Appeals erroneously concluded appellant, in 1987, had a right to appeal. As the majority opinion correctly recognizes, appellant's right to appeal did not arise until his guilt was adjudicated in 1990. However, a defendant now has the right to appeal from an order deferring adjudication. *Dillehey v.*

*State,* 815 S.W.2d 623 (Tex.Cr.App.1991). Consequently, this issue will not arise again. As this issue is not subject to repetition, the majority's holding is case specific and publication of this opinion will not add to our jurisprudence. Moreover, the opinion of the Court of Appeals was not published. Obviously that Court felt its opinion did not meet the standards for publication. *See,* Tex. R.App.P. 90(d).

McCORMICK, Presiding Judge, dissenting.

Believing the Court of Appeals reached the correct result, I dissent.

adjudication situation, but a probation case where the defendant had been convicted and sentenced.

