**Todd Phillip QUAGLIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-94-00846-CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 9, 1995.

James Oltersdorf, San Antonio, for appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for appellee.

Before STONE, HARDBERGER and DUNCAN, JJ.

HARDBERGER, Justice.

This is an attempt to appeal an order modifying the terms of deferred adjudication. The appellant was placed on deferred adjudication on July 6, 1992 on a charge of possession of under twenty-eight grams of cocaine. The State moved to adjudicate the appellant's guilt. The appellant plead "true" to violating his probation by leaving the Community Restitution Center without permission. The motion to revoke also included the allegation the appellant had used cocaine on October 28, 1994, and the probation officer's report in the transcript also indicates that the appellant admitted to the officer that he had used cocaine on that date. Instead of revoking the probation, the trial court modified the terms of the appellant's deferred adjudication to require him to spend one year in a substance abuse felony punishment facility.

The appellant argues that his cocaine use was not before the court, apparently because the State initially stated it would proceed upon the ground he left the restitution center without permission. However, the appellant's counsel raised the issue of his drug use, and the probation officer informed the court that a TAIP evaluation of the defendant recommended the substance abuse felony punishment facility. The court stated, "That takes care of it," and made the modification the appellant attempts to challenge on appeal.

The appellant recognizes that the legislature has granted this court only limited appellate jurisdiction over proceedings relating to deferred adjudication, but argues that we should "strive to exercise jurisdiction" because the trial court violated due process. Specifically, he argues that the record does not indicate an "affirmative finding" that the drug abuse significantly contributed to the violation of community supervision. He argues that the failure to make that finding before placing him in the substance abuse facility violated due process.

In the context of deferred adjudication, we must identify the precise matter the defendant seeks to appeal, and consider only those matters for which the legislature has authorized appeal. *Olowosuko v. State,* 826 S.W.2d 940, 941 (Tex.Crim.App.1992). The legislature has authorized immediate appeal from an order granting deferred adjudication, *Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App.1991), and from the judgment resulting when adjudication is deferred, *Olowosuko,* 826 S.W.2d at 942. Before the amendment to the Code of Criminal Procedure addressed in *Dillehey,* the order deferring adjudication was unappealable. *McDougal v. State,* 610 S.W.2d 509, 509 (Tex. Crim.App.1981). Only the judgment resulting from adjudication was appealable, and the appeal could only be pursued after adjudication of guilt. *Id.* Even now, appeal of the decision to adjudicate guilt is expressly forbidden. *Olowosuko,* 826 S.W.2d at 942. The purpose of the amendment allowing appeal of deferred adjudication was to "allow the person to appeal ... the same as they can appeal from a regular probation." *Kirby v. State,* 883 S.W.2d 669, 671 n. 3 (Tex.Crim. App.1994). The Court of Criminal appeals explained that modification of regular probation is unappealable in *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex.Crim.App.1977) ("It must be remembered that this is not an appeal from an order granting probation, nor is it an appeal from an order revoking probation."). We hold that appeals from the modification of terms of deferred adjudication, like appeals from the modification of terms of probation, are not authorized by the legislature. If anything, the decision to modify the appellant's deferred adjudication instead of proceeding with adjudication was part of the decision whether to proceed with an adjudication of guilt, for which appeal is expressly forbidden. *See* Tex.Code Crim.Proc.Ann. art. 42.12 § 5(b) (Vernon Supp. 1995) ("On violation of a condition of community supervision.... [t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilty on the original charge. No appeal may be taken from this determination."). Thus, we have no jurisdiction to consider the appellant's due process claim in this procedural context. Appeal dismissed.