Juan **ALEJANDRO, Jr.,** Appellant,

v.

**The STATE of Texas,** Appellee.

**No. 13–95–196–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1997.

Deeanne M. Svoboda, Corpus Christi, Craig S. Smith, Smith & Edwards, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for State.

Before DORSEY, CHAVEZ and RODREGUEZ, JJ.

## OPINION ON STATE'S MOTION FOR REHEARING

CHAVEZ, Justice.

We withdraw our opinion of August 14, 1997 and substitute this opinion in its place. Juan Alejandro, Jr. was placed on deferred adjudication on May 15, 1991. On April 7, 1995 he was adjudicated guilty and the trial court sentenced him to twenty years confinement. In his appeal, appellant asserted that he was entitled to a new trial because he was unable to obtain a statement of facts from the 1991 plea proceedings. Those records had been destroyed by the court reporter. The State argued that appellant's appeal should be dismissed because he did not file a notice of appeal and did not timely request a statement of facts from the original plea proceeding. On original submission we agreed with the State and dismissed appellant's appeal for want of jurisdiction.

On appellant's motion for rehearing, we withdrew our original opinion and held that appellant was entitled to a new trial because the destruction of the court reporter's notes, albeit pursuant to statutory authority, was done without fault on the part of appellant. *Alejandro v. State*, 1997 WL 725941, No. 13–95–196–CR, Tex.App. LEXIS 4303 (Tex. App.—Corpus Christi August 14, 1997, no pet. h.). Now this case is before us on the State's motion for rehearing. We grant the motion and dismiss the appeal.

Our opinion on appellant's motion for rehearing erroneously relied on *Kirby v. State*, 883 S.W.2d 669, 671–72 (Tex.Crim.App.1994). *Kirby* presented a different timing of events from the case before us, and that difference prevents *Kirby* from controlling this case. In *Kirby*, the defendant pleaded guilty and was placed on deferred adjudication on September 15, 1987. At that time the Court of Criminal Appeals had interpreted article 42.12 section 3(d) of the Code of Criminal Procedure as precluding appellate review of an order deferring adjudication. *Kirby*, 883 S.W.2d at 671, *citing McDougal v. State*, 610 S.W.2d 509, 509 (Tex.Crim.App.1981).

The following month, however, the law changed. On November 3, 1987, article 44.01(j) became effective. *Kirby*, 883 S.W.2d at 671 n. 3; *see also* Act of June 17, 1987, 70th Leg., R.S., ch. 382, § 1, 1987 Tex.Gen. Laws 1885. The purpose of article 44.01(j) was to "allow the person to appeal from a deferred adjudication probation the same as they can appeal from a regular probation." *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex. Crim.App.1991). Although the Court of Criminal Appeals did not have occasion to rule on this point until 1991 in *Dillehey*, the *Dillehey* opinion expressly states that the legislature did away with the prohibition against appealing from deferred adjudication "in 1987." *Dillehey*, 815 S.W.2d at 626.

Accordingly, *Kirby* is not controlling here. When Alejandro was placed on deferred adjudication in 1991, he had the right to appeal from the plea proceedings. He chose not to. His request for the statement of facts from the plea proceeding, made only after his offense was adjudicated four years later, was not timely. TEX.R.APP.P. 53(a).

We therefore grant the State's motion for rehearing and dismiss the appeal for want of jurisdiction.