David Gordon MUNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–027–CR.

Court of Appeals of Texas,
Waco.

Feb. 10, 1999.

Rehearing Overruled Feb. 10, 1999.

Travis B. Bryan, III, Youngkin, Catlin, Bryan & Stacy, Bryan, for appellant.

James M. Kuboviak, County Atty., I. Richard Price, Asst. County Atty., Bryan, for appellee.

Before Chief Justice DAVIS, and Justice CUMMINGS, and Justice VANCE.

**OPINION ON REHEARING**

PER CURIAM.

We dismissed this appeal for want of jurisdiction on December 16, 1998. Appellant David Gordon Munson was challenging the validity of his misdemeanor *nolo contendere* plea on the basis that the trial court failed to properly admonish him of the consequences of his plea under article 26.13(a).[1] *See* TEX.

---

1. We do not reach the question of whether the court may conduct a redetermination of indigency on its own motion.

1. Every reference to an "article" in this opinion refers to an article of the Code of Criminal Procedure unless otherwise indicated.

CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). Munson's notice of appeal recites that the trial court granted him permission to appeal. *See* TEX.R.APP. P. 25.2(b)(3)(C). However, the record did not affirmatively reflect that the court had in fact granted permission to appeal. Accordingly, we dismissed the appeal for want of jurisdiction. *See Rogers v. State*, 956 S.W.2d 624, 626 (Tex.App.—Texarkana 1997, pet. ref'd); *Hutchins v. State*, 887 S.W.2d 207, 210 (Tex. App.—Austin 1994, pet. ref'd).

Munson has filed a motion for rehearing asking this Court to reinstate his appeal on the basis of a recently-drawn order of the trial court stating, "IT IS ORDERED that David Gordon Munson is granted permission to appeal, and that the Court intended to allow an appeal on December 16, 1997." Assuming without deciding that a trial court can supplement the record in this manner after the expiration of its plenary power, we nevertheless conclude that we do not have jurisdiction over this appeal for a different reason.

 Munson pleaded *nolo contendere* to criminal trespass. *See* TEX. PENAL CODE ANN. § 30.05(a)(1) (Vernon 1994). Pursuant to the State's plea recommendation, the court deferred an adjudication of Munson's guilt; placed him on community supervision for two years; and required him to pay a $2,000 fine while on community supervision. The court rendered its order deferring adjudication on August 6, 1996. The State subsequently filed a motion to adjudicate Munson's guilt. After a contested hearing, the court adjudicated Munson's guilt and assessed his punishment at 180 days' confinement in the county jail. The court imposed sentence on December 16, 1997. Munson filed his notice of appeal on January 15, 1998.

Munson claims in two points that the court erred in accepting his original plea of *nolo contendere* without giving him two of the admonishments required by article 26.13(a). *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a). However, Munson failed to appeal from the court's August 1996 order accepting his plea and deferring an adjudication of his guilt.

Article 44.01(j) allows a defendant "to appeal from a deferred adjudication [community supervision] the same as [he] can appeal from a regular [community supervision]." *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex. Crim.App.1991); *Alejandro v. State*, 957 S.W.2d 143, 144 (Tex.App.—Corpus Christi 1997, pet. ref'd). Munson raises issues in this appeal which he should have asserted in an appeal from the court's order placing him on unadjudicated community supervision. He chose not to. His attempt to raise these issues by a notice of appeal filed seventeen months later is untimely. *See* TEX.R.APP. P. 26.2(a)(1); *Alejandro*, 957 S.W.2d at 144.

Assuming without deciding the trial court in fact granted Munson permission to appeal, Munson's appeal is nevertheless untimely because it was filed seventeen months after entry of the order he seeks to appeal. Accordingly, we deny Munson's motion for rehearing.

CUMMINGS, J., not participating.