97128CR.Nichols-RichardLeroy.FM.wpd
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-128-CR

     RICHARD LEROY NICHOLS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 262nd District Court
Harris County, Texas
Trial Court # 692631
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

       Appellant was charged by indictment with the primary offense of theft of property under
$1,500.00 committed on or about the 28th of April, 1995. The indictment alleged that prior to
the commission of the primary offense, appellant had been convicted of felony theft on June 1,
1992 and felony theft on March 12, 1992. The indictment, therefore, charged a state jail felony
punishable as stated in Tex. Pen. Code Ann. § 31.03(e)(4)(D) (Vernon Supp. 1999). 
      The indictment further alleged that appellant had twice previously been convicted of two
felonies, each occurring prior to the commission of the primary offense: 
Arson on September 22, 1983 and
            Aggravated Robbery on May 21, 1985.

      Under Penal Code § 12.35(c)(2), a person convicted of a state jail felony who has previously
been convicted of any felony listed in article 42.12, § 3g(a)(1), of the Code of Criminal Procedure
shall be punished for a third degree felony. Tex. Pen. Code Ann. § 12.35(c)(2) (Vernon 1994). 
Section 3g(a)(1) lists as one of several felonies, aggravated robbery. Tex. Code Crim. Proc.
Ann. art. 42.12 § 3g(a)(1)(F) (Vernon Supp. 1999).
      At the time of the commission of the primary offense, Penal Code § 12.42(a) prescribed
penalties for repeat felony offenders. The version of § 12.42(a) in effect at that time states as
follows:
(a) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or
on the trial of a third-degree felony that the defendant has been once before convicted of
a felony, on conviction he shall be punished for a second-degree felony.

Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 12.42(a), 1993 Tex. Gen. Laws 3586,
3603-04 (amended 1995) (current version at Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon Supp.
1999)).
      On May 31, 1995, appellant entered a plea of guilty to the offense of theft (third theft) without
a recommendation of the State as to punishment and further pled true to the enhancement
provisions alleged in the indictment. The Court deferred an adjudication of guilt and placed
appellant on community supervision for a period of ten years. There was no appeal taken from
the order deferring adjudication and placing appellant on community supervision. See Tex. Code
Crim. Proc. Ann. art. 44.01(j) (Vernon Supp. 1999).
       Subsequently, on February 20, 1997, after a hearing on the State’s motion to adjudicate guilt
and revoke appellant’s community supervision, the trial court found that appellant had violated the
terms of his community supervision, adjudged him guilty of the offense alleged in the indictment,
and sentenced him to a term of twenty years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant at this time filed his notice of appeal.
      Appellant proffers two points on appeal.
POINT ONE
This Court has jurisdiction to hear the appellant’s appeal, even where the appellant
originally entered a plea of guilty, because his guilty plea was without an agreed
recommendation from the State.

POINT TWO
The cause should be remanded for a new trial on grounds of an involuntary plea because
the trial court improperly admonished the appellant as to the incorrect range of
punishment applicable to the offense for which he was convicted.

      Article 44.01(j) of the Code of Criminal Procedure, enacted in 1987, established significant
changes in the deferred adjudication law.


 See Act of May 30, 1987, 70th Leg., R.S., ch. 382,
§ 1, 1987 Tex. Gen. Laws 1884. The Court of Criminal Appeals determined in Feagin v. State,
967 S.W.2d 417, 419 n.2 (Tex. Crim. App. 1998), that a defendant has a right to appeal from
deferred adjudication community supervision to the same extent as a defendant is permitted to
appeal from regular community supervision. See also Watson v. State, 924 S.W.2d 711, 713-14
(Tex. Crim. App. 1996).
      In the case of Munson v. State, 987 S.W.2d 905 (Tex. App.—Waco 1999, pet. filed) (op. on
reh’g), we dismissed an appeal for want of jurisdiction where the appellant was contending that
the trial court failed to properly admonish him of the consequences of his plea under article
26.13(a) of the Code of Criminal Procedure. Because the appellant did not appeal from his
deferred adjudication order, but waited until he had been adjudicated guilty and his community
supervision had been revoked, we held that his attempt to raise the issue raised by notice of appeal
filed some seventeen months later was untimely. Id. at 906 (citing Tex. R. App. P. 26.2(a)(1);
Alejandro v. State, 957 S.W.2d 143, 144 (Tex. App.—Corpus Christi 1997, pet. ref’d)). Here,
as pointed out above, appellant did not appeal from the order of May 31, 1995 deferring
adjudication of guilt, but elected to appeal some 1½ years later from the judgment adjudicating
guilt and revoking his community supervision.
       In the recent case of Manuel v. State, the Court of Criminal Appeals in upholding the Fort
Worth Court of Appeals’ dismissal of the appellant’s appeal under similar circumstances stated:
In the case at bar, appellant could have appealed from the order placing him on deferred
adjudication community supervision . . . . See Article 42.12, § 5(a). Instead, he
waited until after his community supervision had been revoked and his adjudication of
guilt formally made. Thus, the court of appeals did not err in refusing to address the
merits of his claim.




Manuel v. State, No. 1477-98, slip op. at 6-7, 1999 WL 345630, at *3 (Tex. Crim. App. June 2,
1999).
      Appellant’s appeal is dismissed.
 
                                                                         FRANK MALONEY 
                                                                         Justice




Before Chief Justice Davis,
      Justice Cummings, and
      Justice Maloney
      (Justice Cummings not participating)
Appeal dismissed
Opinion delivered and filed August 4, 1999
Do not publish