Shane Cole Bell v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00255-CR

     SHANE COLE BELL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 9149-A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Pursuant to a plea bargain, the trial court deferred an adjudication of Shane Cole Bell’s
guilt for robbery and placed him on community supervision for six years. The court later
adjudicated Bell’s guilt and sentenced him to ten years’ imprisonment. Bell appealed.
      Bell’s counsel filed an Anders


 brief. Counsel provided Bell a copy of the brief and the
record and advised him of his right to file a pro se brief or other response. See Sowels v.
State, 45 S.W.3d 690, 694 (Tex. App.—Waco 2001, no pet.). Bell filed a response.
      Bell’s counsel identifies one potential source of error in the brief. Counsel notes that Bell
has contended that he was incompetent at the time of the hearing on the motion to adjudicate. 
Bell raised the issue of his competency in a motion for new trial. There he alleged that he “is
a paranoid schizophrenic and was incompetent to stand trial for the reason that he did not and
does not have sufficient present ability to consult with his attorney with a reasonable degree of
reasonable understanding nor a rational as well as factual understanding of the charges against
him” and that he “is a person with diminished mental capacity and did not fully understand the
options available to him on the date of trial.”
      To require a competency inquiry under article 46.02, section 2, a trial court must receive
evidence which “raises a bona fide doubt in the judge’s mind about the defendant’s
competency.” McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003); see also Act
of May 29, 1975, 64th Leg., R.S., ch. 415, § 1, 1975 Tex. Gen. Laws 1095, 1095-96
(repealed 2003) (current version at Tex. Code Crim. Proc. Ann. art. 46B.004 (Vernon Supp.
2004)). The court must impanel a jury for a competency trial “if there is some evidence
sufficient to support a finding of incompetence” presented at the competency inquiry. 
McDaniel, 98 S.W.3d at 711; see also Act of May 26, 1999, 76th Leg., R.S., ch. 561, § 3,
1999 Tex. Gen. Laws 3092, 3093 (repealed 2003) (current version at Tex. Code Crim. Proc.
Ann. art. 46B.005 (Vernon Supp. 2004)).


 The critical issue in a competency inquiry is
whether there is some evidence “that a defendant is incapable of consulting with counsel or
understanding the proceedings against him.” Moore v. State, 999 S.W.2d 385, 395 (Tex.
Crim. App. 1999); accord Reeves v. State, 46 S.W.3d 397, 400 (Tex. App.—Texarkana 2001,
pet. dism’d).
      Bell provided testimony establishing essentially two bases for his allegation of
incompetency. First, Bell testified that he felt rushed at the adjudication hearing and did not
have sufficient time to fully consider his options. Second, Bell testified that he has difficulty
making decisions while under stress. However, Bell’s testimony also reflects that he had no
difficulty communicating with his attorney during the adjudication hearing and that he fully
understood the nature of the proceedings.
      Accordingly, we agree with counsel’s conclusion that the issue of Bell’s competency is not
an issue of arguable merit.
      Bell complains in his pro se response that the State deleted two phrases from the written
stipulation signed by the parties at the time of his guilty plea.


 We assume that Bell is
complaining that the State failed to present sufficient evidence to prove him guilty of the
offense alleged. This is an issue which Bell should have pursued in an appeal from the
deferred adjudication order. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999); Munson v. State, 987 S.W.2d 905, 906 (Tex. App.—Waco 1999, pet. dism’d).
      We have conducted an independent review of the record and agree with Bell’s counsel that
this appeal presents no issues of arguable merit. See Sowels, 45 S.W.3d at 691-92. 
Accordingly, we affirm the judgment. Because the trial court has already granted counsel’s
motion to withdraw, Bell is hereby notified that he has a right to file a petition for
discretionary review with the Court of Criminal Appeals, P. O. Box 12308, Capitol Station,
Austin, Texas, 78711, as provided by Rule of Appellate Procedure 68. See Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); see also Sowels, 45 S.W.3d at 694; Tex. R. App.
P. 68.
 
                                                                   FELIPE REYNA
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



Affirmed
Opinion delivered and filed May 5, 2004
Do not publish
[CR25]