Opinion issued May
24, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01055-CR

____________

 








JOSE ARMANDO CASAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the County
Criminal Court at Law No. 8

Harris County, Texas

Trial Court Cause No. 1589399

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








          Appellant,
Jose Armando Casas, pleaded guilty to the misdemeanor offense of indecent
exposure.  Pursuant to appellant’s
agreement with the State, the trial court deferred adjudication, placed
appellant on one year of community supervision, and assessed a $2000 fine, of
which $1600 was probated.  On September
15, 2010, the trial court signed an order extending the period of appellant’s
community supervision by one year.  On
October 7, 2011, the trial court signed an order extending the period of
appellant’s community supervision by an additional two years.  On October 20, 2011, appellant filed a
“Motion to Set Aside Modification of Community Supervision,” arguing that the
trial court’s order of October 7, 2011 was void and requesting the trial court
to set aside the modification of community supervision and to discharge the
appellant from community supervision.  On
the same day, the trial court entered an order stating that appellant’s motion
“is denied in part.  The modification is
to extend to a maximum 3 (three) [sic] years, [sic] community supervision –
extend only 1 [sic] year from Oct [sic] 10, 2011.”  Appellant appealed from this order.  We dismiss the appeal.

To the degree the trial court’s order
denies appellant’s request to discharge appellant from community supervision,
it is not a final order.  Except in
narrow circumstances not present here, we lack jurisdiction to review
interlocutory orders.  See Means v. State, 825 S.W.2d 260, 260
(Tex. App.—Houston [1st Dist.] 1992, no pet.); see also Kurosky v. State, No.
2-10-00202-CR, 2011 WL 255672, *2 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.)
(not designated for publication) (holding court lacked
jurisdiction over attempted appeal from denial of motion to set aside
conviction and dismiss charges after expiration of community supervision term);
Lopez v. State, No. 14-10-00094-CR,
2010 WL 454951, *1 (Tex. App.—Houston [14th Dist. Feb. 11, 2010, no pet.) (not designated for publication) (no jurisdiction over
attempted appeal from motion to set aside judgment); Ahmad v. State, 158 S.W.3d 525, 526, 527 (Tex. App.—Fort Worth 2004,
pet. ref’d) (no jurisdiction over denial of motion to
set aside indictment); Dwyer v. State,
No. 08-01-00004-CR, 2002 WL 27103, *2 (Tex. App.—El Paso Jan. 10, 2002, pet. dism’d) (not designated for publication) (no jurisdiction
over attempted appeal from denial of motion for early termination of community
supervision).  

Further, the order modifies the
conditions of appellant’s community supervision to within the statutory
allowance for the extension of community supervision;[1]
such an order is not appealable.  See Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); see also Davis v. State, 195 S.W.3d 708, 711 (Tex. Crim.
App. 2006) (“[A]n order modifying the terms or
conditions of deferred adjudication is not in itself appealable.”);  Christopher v. State, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d) (holding that no appeal lies
from order modifying terms of community supervision); Quaglia v. State, 906 S.W.2d 112, 113 (Tex. App.—San Antonio 1995, no
pet.) (same).

Accordingly, we dismiss the appeal
for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  We dismiss all pending motions as moot.

PER CURIAM

Panel consists of Justices Bland, Massengale, and Brown.

 

Do not publish. 
Tex. R. App. P.
47.2(b).    











[1]
             A
trial court’s order extending community supervision for an additional year
constitutes a “modification of the conditions of community supervision.” Tex. Code Crim. Proc. Ann. art. 42.12, § 22(a)(2) (West Supp. 2011).