

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00082-CR

Jose Santos **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR3069
Honorable Velia J. Meza, Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: April 1, 2020

DISMISSED FOR LACK OF JURISDICTION

Appellant filed a notice of appeal which indicates he is appealing a conviction in Cause No. 2014CR3069. The clerk's record in this appeal contains an Order Modifying and Extending Community Supervision signed on January 14, 2020. This court does not have jurisdiction to consider an appeal from an order altering or modifying community supervision conditions. *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision.");

*Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Quaglia v. State*, 906 S.W.2d 112, 113 (Tex. App.—San Antonio 1995, no pet.).

To the extent appellant wishes to appeal the original conviction, the trial court imposed sentence in Cause No. 2014CR3069 on April 6, 2015. The trial court assessed punishment at ten years' imprisonment, which was suspended in favor of community supervision for a term of five years. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on May 6, 2015. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on May 21, 2015. TEX. R. APP. P. 26.3. On January 16, 2020, appellant filed a Motion for Leave to File a Late Notice of Appeal. Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if an appeal is not timely perfected, the court of appeals does not obtain jurisdiction to address the merits of appeal, and the court may take no action other than to dismiss appeal; an appellate court may not suspend rules to alter time for perfecting appeal).

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH