

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00656-CR

Latoya Marchelle **DOWDEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR006861W
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: November 27, 2024

DISMISSED

Pursuant to a plea bargain, appellant was placed on deferred adjudication community supervision on June 13, 2024. On September 9, 2024, the trial court signed an "Order Amending Conditions of Community Supervision." Between September 4 and September 27, 2024, appellant filed multiple pro se notices of appeal, but it is unclear if appellant is attempting to appeal her deferred adjudication community supervision or the order amending the conditions of her community supervision. On October 1, 2024, we received the clerk's record. The clerk's record shows the trial court placed appellant on deferred adjudication community supervision in

accordance with the agreement and signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* However, we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). Here, the clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by appellant. It also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave appellant permission to appeal. Thus, the trial court's certification appears to accurately reflect this is a plea-bargain case, and appellant does not have a right to appeal. *See id.* R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

To the extent appellant seeks to appeal the order amending the conditions of her community supervision, this court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710-11 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Quaglia v. State*, 906 S.W.2d 112, 113 (Tex. App.—San Antonio 1995, no pet.).

On October 4, 2024, we notified Appellant this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing Appellant has the right of appeal was made part of the appellate record by November 6, 2024. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears*, 154 S.W.3d at 613; *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.). We further ordered appellant to show cause in writing no later than November 6, 2024, why this appeal should not be dismissed for lack of jurisdiction as to appellant's attempt, if any,

to appeal the order amending the conditions of her community supervision. Appellant did not file a response to our order.[1]

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH

---

[1] Instead, on November 12, 2024, appellant filed a motion to dismiss her appeal.