

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00601-CR

Amanda **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CR-4172
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Lori Massey Brissette, Justice
           Adrian A. Spears II, Justice
           H. Todd McCray, Justice

Delivered and Filed: October 15, 2025

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea bargain, appellant was placed on deferred adjudication community supervision on June 14, 2023. Appellant filed a notice of appeal in connection with this case on September 3, 2025. On September 22, 2025, we received the clerk's record. The clerk's record shows the trial court placed appellant on deferred adjudication community supervision in accordance with the plea bargain and signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See*

TEX. R. APP. P. 25.2(a)(2). On April 17, 2025, the trial court signed an "Order Amending Conditions of Community Supervision."

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). Here, the clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by appellant. It also includes a plea bargain agreement showing appellant waived her Rule 25.2(a)(2) appeal rights, explaining: "I understand that upon my plea of . . . nolo contendere, . . . my right to appeal will be limited to only: (1) those matters . . . raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal." It further provides: "However, as part of my plea-bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement."

The clerk's record shows the trial court did not give appellant permission to appeal and imposed appellant's punishment consistent with the plea bargain. Thus, the trial court's certification appears to accurately reflect this is a plea-bargain case, and appellant does not have a right to appeal. *See id.* R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Further, to the extent appellant seeks to appeal the order amending the conditions of her community supervision, this court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710-11 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Quaglia v. State*, 906 S.W.2d 112, 113 (Tex. App.—San Antonio 1995, no pet.).

Lastly, it appears appellant's notice of appeal is untimely. The trial court rendered the order modifying the conditions of appellant's deferred adjudication community supervision on April 17, 2025. Because a motion for new trial was not filed, the notice of appeal was due to be filed on May 19, 2025. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on June 2, 2025. TEX. R. APP. P. 26.3. The record reflects appellant did not file her notice of appeal until September 3, 2025, and appellant did not file a motion for extension of time to file her notice of appeal. "A timely notice of appeal is necessary to invoke the jurisdiction of this Court*." Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). Because appellant did not timely file a notice of appeal, it appears that we lack jurisdiction over this appeal.

We, therefore, ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based on her untimely notice of appeal and her attempt to appeal an order amending the conditions of her community supervision. We admonished appellant that even if she was able to show that her notice of appeal was timely filed and we have jurisdiction over this appeal, this appeal would nevertheless be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended certification showing she has the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

On October 7, 2025, appellant's counsel responded, explaining there were "no flaws with [the court's] conclusions. This attempted appeal either targets an order that is unappealable, is untimely, or has been pursued without the requisite trial court certification. Appellate counsel thus concedes this Court has little choice but to dismiss this attempted appeal for want of jurisdiction,"

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH