

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00659-CR

Erlinda Gonzales **LOZANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CR-6646
Honorable Jennifer Peña, Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: December 3, 2025

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea bargain, appellant was placed on deferred adjudication community supervision on May 12, 2025. On August 14, 2025, the trial court signed an "Order Amending Conditions of Community Supervision." On October 7, 2025, appellant filed a pro se notice of appeal that purports to challenge a sentence imposed on September 11, 2025. Because the clerk's record does not indicate that the trial court imposed a sentence on that date, it appears that appellant

wishes to challenge either the original order of deferred adjudication or the amendment of community supervision.

This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710–11 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Quaglia v. State*, 906 S.W.2d 112, 113 (Tex. App.—San Antonio 1995, no pet.). Furthermore, appellant filed the notice of appeal 148 days after the trial court entered the order of deferred adjudication and 54 days after it amended the terms of community supervision. *See* TEX. R. APP. P. 26.2(a) (where criminal defendant does not timely file motion for new trial, notice of appeal is due 30 days after sentence is imposed or suspended in open court).

On October 20, 2025, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. On November 12, 2025, appellant's appointed counsel filed a response conceding that we lack jurisdiction over this appeal. We therefore dismiss the appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH