

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00736-CR

Kimberly **CARACHEO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-4245
Honorable Christine Del Prado, Judge Presiding

PER CURIAM

Sitting:       Adrian A. Spears II, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: January 7, 2026

DISMISSED FOR LACK OF JURISDICTION

On September 20, 2024, appellant was placed on deferred adjudication community supervision in accordance with her plea-bargain agreement. On October 28, 2025, the trial court signed an order amending the conditions of appellant's deferred adjudication community supervision. On November 7, 2025, appellant filed a pro se notice of appeal.

Modification of the "terms of deferred adjudication, like appeals from the modification of terms of probation, are not authorized by the legislature." *Quaglia v. State*, 906 S.W.2d 112, 113

(Tex. App.—San Antonio 1995, no pet.). "If anything, the decision to modify the appellant's deferred adjudication instead of proceeding with adjudication was part of the decision whether to proceed with an adjudication of guilt, for which appeal is expressly forbidden." *Id.*; *see Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006) (noting "an order modifying the terms or conditions of deferred adjudication is not in itself appealable."). Thus, it appears that we have no jurisdiction over this appeal.

We therefore ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant's court-appointed counsel filed a written response stating that he agrees there is no jurisdiction over this appeal and that he has met with appellant and explained why her appeal will be dismissed for lack of jurisdiction.

We dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH