

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00755-CR

Amber Rose **REDUS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-009955
Honorable Laura Lee Parker, Judge Presiding

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice

Delivered and Filed: January 14, 2026

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea bargain, appellant was placed on community supervision on May 23, 2025. The clerk's record indicates that on September 25, 2025, the trial court denied a motion to revoke appellant's community supervision, ordered appellant "continued on community supervision," and released appellant "to Intermediate Sanction Facility (ISF)."

On November 19, 2025, appellant filed a pro se notice of appeal that purports to challenge a sentence imposed on September 25, 2025. Although there are judge's notes from September 25,

2025, the clerk's record does not contain an order or judgment imposing a sentence on that date. The clerk's record therefore appears to show that appellant wishes to challenge either the original judgment placing her on community supervision or the order continuing her on community supervision and ordering her released to an ISF.

This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710–11 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Quaglia v. State*, 906 S.W.2d 112, 113 (Tex. App.—San Antonio 1995, no pet.). Furthermore, appellant filed the notice of appeal 180 days after the trial court entered the original judgment and 55 days after it continued her on community supervision and ordered her released to an ISF. *See* TEX. R. APP. P. 26.2(a) (where criminal defendant does not timely file motion for new trial, notice of appeal is due 30 days after sentence is imposed or suspended in open court).

For these reasons, it appears that we lack jurisdiction over this appeal. We therefore ordered appellant to show cause in writing by December 31, 2025 why this appeal should not be dismissed for lack of jurisdiction. In our order, we cautioned appellant that if she failed to respond by that date, this appeal would be dismissed.

On January 5, 2026, appellant's appointed counsel filed a response in which he "concede[d] this Court has little choice but to dismiss this attempted appeal for want of jurisdiction." Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH