**Jose GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–555–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1992.

See also 839 S.W.2d 130.

Alfredo Padilla, Brownsville, for appellant.

Luis V. Saenz, County Crim. Dist. Atty., John A. Olson, Asst. County Atty., Brownsville, for the State.

Before GILBERTO HINOJOSA, KENNEDY, and DORSEY, JJ.

OPINION

GILBERTO HINOJOSA, Justice.

A court convicted appellant, Jose Garza, of Burglary of a building. *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). At the time of this conviction appellant was on court supervised deferred adjudication probation. After the conviction, the State filed a motion to adjudicate appellant guilty and terminate his probation. The trial court granted the motion. Appellant challenges this ruling. We dismiss this appeal.

Appellant's argument on appeal is that his conviction for burglary should be reversed, thus the trial court erred in adjudicating him guilty in his prior plea and revoking his probation. We do not reach this question.

The trial court's decision to adjudicate guilt is not reviewable on appeal under TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b) (Vernon 1990). *Phynes v. State*, 828 S.W.2d 1 (Tex.Crim.App.1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim. App.1992).

This appeal is dismissed.