Armando **ELIZONDO**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 04–93–00035–CR.

Court of Appeals of Texas, San Antonio.

Sept. 15, 1993.

Steven N. Harkiewicz, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and PEEPLES, JJ.

## OPINION

BUTTS, Justice.

Appellant was indicted for the offense of aggravated robbery with a deadly weapon. He pleaded guilty and the court granted his application for deferred adjudication and placed him on probation for ten years. The State subsequently moved to revoke probation and to enter an adjudication of guilt. The court adjudicated appellant guilty and sentenced him to ten years confinement. Appellant appeals from the adjudication of guilt. We affirm.

In points of error one and two, appellant contends that the court held an adjudication hearing and revoked his probation in violation of his rights to due course of law under the Texas Constitution and due process under the federal constitution. The substance of appellant's points of error, however, is that the court should not have proceeded with an adjudication of guilt because the probation revocation was based on violations of an improper condition of probation.[1]

The first issue to be decided is whether appellant may raise these issues in a direct appeal.

There is no constitutional right to appellate review of a criminal conviction. *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim. App.1992). "[A] party may appeal only that which the Legislature has authorized." *Olowosuko v. State,* 826 S.W.2d 940, 941 (Tex. Crim.App.1992); *see also Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App.1981). The Texas legislature has provided that a defendant may appeal from the *original plea proceeding* after the state has moved for adjudication of guilt. *See* TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1993)[2] (all proceedings, including appeal, proceed as if adjudication had not been deferred); *David v. State,* 704 S.W.2d 766, 767 (Tex. Crim.App.1985). A defendant may also pursue an appeal at the time he is placed on deferred adjudication probation. *See Dillehey v. State,* 815 S.W.2d 623, 625–26 (Tex. Crim.App.1991) (appeal from pre-trial motions); *Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App.1992) (legislature intended to allow appeal from deferred adjudication order). There is, however, no appeal from the court's determination to proceed with an adjudication of guilt on the original charge following a violation of a condition of deferred adjudication probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1993); *see Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Olowosuko v. State,* 826 S.W.2d at 942.

Appellant asserts that he is not challenging the determination to proceed with an adjudication of guilt, but is challenging the trial court's authority to proceed on the State's motion to revoke, which motion he contends is improper because it is based on an improper condition of probation. We believe that this contention is answered by the court of criminal appeals's decision in *Olowosuko v. State.* In that case, the defendant urged that certain conditions of probation were un-

---

1. Appellant pleaded true to violating a condition imposing electronic monitoring. Such a condition has been held, in a habeas corpus proceeding, to be unreasonable. *See Ex parte Gingell,* 842 S.W.2d 284, 285 (Tex.Crim.App.1992).

2. Formerly, TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3d. *See* Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3500–01 (effective September 1, 1989).

enforceable because they were vague and indefinite. *Olowosuko v. State*, 826 S.W.2d at 942 n. 1 (Overstreet, J., concurring). Defendant also contended that certain allegations in the State's motion to adjudicate conflicted with the conditions of probation and failed to state a violation. The court of criminal appeals determined that all of those points challenged the court's determination to proceed with an adjudication of guilt and none of them could be raised on direct appeal. *Id.* at 941, 942.

Similarly, appellant in the present case is complaining of the validity of a condition of probation and the adequacy of the State's motion. The crux of his complaints is that the alleged violations cannot support the determination to proceed with an adjudication of guilt. This is precisely the type of challenge the court of criminal appeals rejected in *Olowosuko*.[3] Because appellant may not raise these issues on a direct appeal, points of error one and two are dismissed.

■ In point of error three, appellant contends that he received ineffective assistance of counsel at the hearing on the State's motion to enter an adjudication of guilt because counsel did not object to the motion. We believe that the court of criminal appeals has also foreclosed review of this issue. In *Phynes v. State*, 828 S.W.2d 1 (Tex.Crim. App.1992), the defendant contended that he was not represented by counsel at all at the revocation hearing. The court of criminal appeals held that that complaint cannot be raised on direct appeal. *Id.* at 2. Similarly, we hold that ineffective assistance of counsel at the hearing to determine whether the court should proceed with an adjudication of guilt cannot be raised on direct appeal. *See id.* Point of error three is dismissed.

For the reasons stated above, appellant's points of error are dismissed. Because appellant does not raise any point of error directed to the judgment of the trial court, that judgment is affirmed. *See Olowosuko v. State*, 826 S.W.2d at 942.

---

3. Appellant draws our attention to Judge Overstreet's concern, as expressed in his concurring opinion in *Olowosuko*, that trial courts may be left with unfettered discretion to proceed with an adjudication of guilt "irrespective of whether a violation of the terms and conditions of probation has been shown." 826 S.W.2d at 942. Judge Overstreet acknowledged, however, that there is recourse through chapter eleven of the code of criminal procedure. *Id.* at 942 n. 2. Furthermore, Judge Overstreet contemplated that an equal protection argument might be raised challenging the different treatment of deferred adjudication probationers and "regular" probationers. *Id.* We need not address this possibility as appellant has not raised any equal protection challenge.