Parker v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-033-CR

     JAMES DEAN PARKER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 21st District Court
Burleson County, Texas
Trial Court # 12,124
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      James Dean Parker pleaded guilty to possession of less than one gram of methampetamine
without the benefit of a plea recommendation from the State. The court sentenced him to eighteen
months’ confinement in a state jail facility. As a part of the plea proceedings, Parker and his trial
counsel signed a written waiver of appeal. Because Parker waived his right to appeal, we dismiss
the appeal.


 See Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000); Clayburn v.
State, 985 S.W.2d 624, 625 (Tex. App.—Waco 1999, no pet.) (per curiam).
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed April 24, 2002
Do not publish
[CR25]



, I respectfully dissent.
      The Court has decided we have no jurisdiction over the issues raised by Gray and Emich.
The aspect of these appeals that has caused me to dissent is, having no jurisdiction over any
issue for review, do we dismiss the appeal or do we affirm the judgment? In our research, we
have found a substantial lack of uniformity. There is authority for each. In 1992, the Court of
Criminal Appeals addressed the issue in two cases, coming to different conclusions. Phynes v.
State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex. Crim. App. 1992). I have found no Court of Criminal Appeals case since then which
discusses this issue. And the cases cited by the majority do not directly address the issue as
did Phynes and Olowosuko.
      The intermediate appellate courts are split on this question. The San Antonio and Austin
courts affirm the judgment, thus following Olowosuko. Davis v. State, No. 03-96-00638-CR,
1997 Tex. App. Lexis 5275 (Austin, October 9, 1997, no pet.)(not designated for publication);
Elizondo v. State, 861 S.W.2d 294 (Tex. App.—San Antonio 1993, no pet.). The First Court
in Houston, Dallas, Fort Worth, Beaumont, El Paso, and Corpus Christi dismiss the appeal if
the appellant raises no issue over which they have jurisdiction, thus following Phynes. Sugar
v. State, No. 01-03-00671-CR, 2004 Tex. App. Lexis 2124 (Houston [1st Dist.] March 4,
2004, no pet. h.); Woodard v. State, No. 05-95-00070-CR, 1996 Tex. App. Lexis 1182
(Dallas, March 27, 1996, no pet.)(not designated for publication); Kendall v. State, 929
S.W.2d 509 (Tex. App.—Fort Worth 1996, pet. ref’d); Collins v. State, 912 S.W.2d 864
(Tex. App.—Beaumont 1995, no pet.); Eaden v. State, 901 S.W.2d 535 (Tex. App.—El Paso
1995, no pet.); Garza v. State, 839 S.W.2d 131(Tex. App.—Corpus Christi 1992, no pet.). 
The reason for the confusion seems to be caused by the apparent inconsistency between
Olowosuko and Phynes, having been issued two weeks apart. The only two cases we have
found which mention this inconsistency are Woodard, from Dallas, and Davis, from Austin.
      In Woodard, Justice Wright noted the Court of Criminal Appeals specifically instructed
courts of appeals to dismiss direct appeals in which an appellant raises an issue over which the
court has no jurisdiction, specifically the decision to adjudicate guilt under article 42.12,
section 5(b) of the Code of Criminal Procedure. Woodard, 1996 Tex. App. Lexis 1182, at *3-4. She seems to rely, in part, on the fact that Dallas, El Paso, and Beaumont had all dismissed
the appeal in this circumstance. Id. at *4. But Justice Wright also noted the apparent
inconsistency of Olowosuko and Phynes and that neither case referenced the other. Id. at *3,
n. 1.
      The Austin court has also mentioned the discrepancy and chose to follow Olowosuko,
noting that it was issued two weeks after Phynes and thus appeared to be the last word from the
Court of Criminal Appeals on the subject. Davis, 1997 Tex. App. Lexis 5275, at *6, n. 4. 
With this portion of Austin’s analysis, I must respectfully disagree. Olowosuko had no motion
for rehearing, whereas a motion for rehearing in Phynes was denied on April 15, a month after
Olowosuko was issued. Thus, Phynes was the Court’s last word directly on the subject.
      My esteemed colleagues miss the apparent differentiation between affirming a trial court
judgment as compared to dismissing an appeal. This distinction comes from the very
definition of the terms. Affirm is defined as: “To confirm (a judgment) on appeal.” Black’s
Law Dictionary 59 (Bryan A. Garner ed., 7th ed., West 1999). To confirm means to give
formal approval of something. Id. at 294. Whereas dismiss is defined as: “To send
(something) away; specif., to terminate (an action or claim) without further hearing, esp.
before the trial of the issues involved.” Black’s Law Dictionary at 482. In neither of these
appeals have we reviewed any aspect of the judgment. Therefore, we cannot give formal
approval of, or affirm, the trial court’s judgment. Indeed, we have determined that although
our jurisdiction has been invoked by a notice of appeal, we do not have jurisdiction to review
any of the issues argued by either appellant. Thus, neither appellant has presented anything we
can review, and we must terminate their appeals without review of the issues presented. That
is, we must dismiss the appeals.
      Is this a distinction without difference? No. There is at least one critical distinction
between a judgment of affirmance and the dismissal of an appeal. An affirmance, as is a
reversal, is a judgment of the court that can be enforced by a writ of prohibition. Holloway v.
Fifth Court of Appeals, 767 S.W.2d 680, 683 (Tex. 1989). However, when a court does not
rule on the merits of an issue and properly dismisses the appeal, it does not issue a judgment
that is capable of enforcement by the extraordinary writ of prohibition. Id. See also Fitch v.
International, 354 S.W.2d 372, 373 (Tex. 1962). I have not engaged in an exhaustive search
for other distinctions that may merit consideration.
      A former colleague of mine frequently instructed new lawyers: “You are a lawyer now. 
Words are your tools. Learn to use them with precision.” I took that instruction to heart. As
a judge, I try to be even more careful.
      Because we have reviewed no aspect of the validity of the judgments, we should dismiss
these appeals.


 Because the majority affirms the judgments, I respectfully dissent.
 
                                                                         TOM GRAY
                                                                         Chief Justice

Dissenting opinion delivered and filed March 17, 2004
Publish