NUMBER 13-01-645-CR

                                     COURT
OF APPEALS

                            THIRTEENTH
DISTRICT OF TEXAS

                              CORPUS
CHRISTI B EDINBURG

                                                                                                  


LARRY HARRIS,                                                                   Appellant,

                                                   v.

THE STATE OF TEXAS,                                                          Appellee.

                                                                                                 


 

                        On appeal from the 377th
District Court 

                                  of Victoria
County, Texas.

                                                                       
                           

                                      O  P  I 
N  I  O  N

                      Before Justices Dorsey,
Rodriguez, and Baird[1]

                                    Opinion by
Justice Baird    

 








Appellant was charged
by indictment with the offense of sexual assault.  Appellant pled guilty to the charged
offense.  Although sufficient evidence
was admitted to establish appellant=s guilt, the trial
court deferred an adjudication of guilt and placed appellant on community
supervision for a period of ten years. 
Subsequently, the State filed a motion to adjudicate guilt.  Following a hearing on the State=s motion, the trial
judge found several of the allegations true, revoked appellant=s community
supervision, and assessed punishment at eighteen years confinement in the Texas
Department of Criminal Justice--Institutional Division.  We will dismiss for want of jurisdiction.

A party may appeal
only that which the Legislature has authorized. 
Galitz v. State, 617 S.W.2d 949,
951 (Tex. Crim. App.1981). The Legislature has
provided that a defendant who pleads guilty, and is placed on deferred adjudication
may raise issues relating to the original plea proceeding only in an appeal
taken when the trial court first orders deferred adjudication and imposes
community supervision.  Manuel v.
State, 994 S.W.2d 658, 661‑62 (Tex. Crim.
App.1999).  If the defendant does not
exercise his right to appeal at that time, no appeal may be taken from a
subsequent determination to proceed with an adjudication of guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2002);
Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim.
App. 1979) (decision to proceed with an adjudication of guilt is one of
absolute nonreviewable discretion).  








Appellant contends
this provision is unconstitutional. 
However, appellant concedes there is precedent adverse to his
position.  Phynes
v. State, 828 S.W.2d 1, 3-4 (Tex. Crim. App.
1992) (stating that even if appellant's right to counsel had been violated, he
could not use direct appeal as the vehicle by which to seek redress).  This court, as an intermediate appellate
court, is bound to follow the law as declared by the state=s highest courts.  Swilley
v. McCain, 374 S.W.2d 871, 875 (Tex. 1964). 
The Court of Criminal Appeals is the highest court on matters of
criminal law, and when it has deliberately and unequivocally interpreted the
law in a criminal matter, we must adhere to its interpretation.  Southwick v. State, 701 S.W.2d 927,
929 (Tex. App.CHouston [1st Dist.]
1985, no pet.).  Therefore, we must
reject appellant=s constitutional
challenge to article 42.12, section 5(b). 
Garza v. State, 839 S.W.2d 131, 132 (Tex. App.BCorpus Christi 1992,
no pet.).

Furthermore, because
the remaining point of error arises from the trial judge's decision to proceed
with an adjudication of guilt on the underlying charge, we may not address it.

This appeal is
dismissed for want of jurisdiction.

 

 

                                                               
                                             

CHARLES F. BAIRD

Justice

 

Do not publish. 


Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 2nd day of May, 2002.











[1]Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov=t Code Ann. '
74.003 (Vernon 1998).