Mario Guevara SUGAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00671–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 4, 2004.

Clinton F. Greenwood, Mario Geuevara Sugar, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, William J. Delmore, III, Chief Prosecutor, for Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK, and Justices JENNINGS and HIGLEY.

## OPINION

LAURA C. HIGLEY, Justice.

Appellant, Mario Guevara Sugar, pleaded guilty to felony theft with a plea agreement of deferred adjudication and place-

ment on community supervision for 10 years. The State subsequently filed a motion to adjudicate guilt to which appellant pleaded not true. After a hearing, the trial court found the allegations in the State's motion to be true, adjudicated guilt, and assessed punishment at confinement for two years. Appellant filed a timely notice of appeal from the judgment adjudicating guilt. We dismiss the appeal.

■ Appellant's court-appointed counsel filed a motion to withdraw as counsel and a brief concluding that the appeal is wholly frivolous and without merit, in accordance with *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).[1] In the brief, counsel argues that appellant presented evidence of an inability to pay the court-ordered restitution and other payments that were conditions of his community supervision, and that the State failed to prove that appellant had the ability to pay. Inability to make court-ordered payments is an affirmative defense to revocation of community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp. 2004). When evidence that the probationer is unable to pay fees, court costs, fines, or restitution is not refuted by the State and the trial court revokes probation, it is an abuse of discretion. *Quisenberry v. State,* 88 S.W.3d 745, 749 (Tex.App.-Waco 2002, pet. ref'd).

■ Counsel concedes, however, that the Code of Criminal Procedure prohibits direct appeal of the trial court's decision to adjudicate guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004). In *Connolly v. State,* the Court of Criminal Appeals held that article 42.12, § 5(b) prohibited review of a claim challenging the sufficiency of the evidence in the adjudication process. 983 S.W.2d 738, 741 (Tex. Crim.App.1999). Even an alleged violation of the right to counsel at an adjudication hearing is not directly appealable because the issue pertains to the decision to adjudicate. *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992).

Although we would have jurisdiction to address the sufficiency of the evidence issue if this were an appeal from the revocation of ordinary community supervision (as in *Quisenberry*), we agree with counsel that we have no jurisdiction to address it in the context of an appeal from adjudication of guilt. We have carefully reviewed the record and counsel's brief, as *Anders* requires,[2] and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw.[3] *See Stephens v. State,* 35 S.W.3d 770, 771 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

■ We dismiss the appeal.[4]

---

1. The brief states that a copy was delivered to appellant, whom counsel advised by letter of his right to examine the appellate record and file a *pro se* brief. *See Stafford v. State,* 813 S.W.2d 503, 510 (Tex.Crim.App.1991). More than 30 days have passed, and appellant has not filed a *pro se* brief.

2. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.

3. Counsel still has a duty to inform appellant of the result of this appeal and also to inform appellant that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App.1997).

4. The proper disposition of an appeal in which the only issues raised involve the trial

court's decision to adjudicate is to dismiss the appeal. *Phynes,* 828 S.W.2d at 2.