**Brandon Michael GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00176–CR.**

Court of Appeals of Texas,
Waco.

March 17, 2004.

Terrence Holmes, Beaumont, for appellant.

Tom Maness, Jefferson County Criminal Dist. Atty., Philip Babin, Jefferson County Asst. Dist. Atty., Beaumont, for appellee.

Before Chief Justice TOM GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

PER CURIAM.

Brandon Michael Gray pleaded guilty to aggravated sexual assault. Pursuant to a plea bargain, the court deferred an adjudication of guilt and placed Gray on community supervision for ten years. The court subsequently adjudicated Gray's guilt and sentenced him to twenty years' imprisonment. Gray contends in two points that: (1) the court erred by accepting his guilty plea without admonishing him that he would have to register as a sex offender; and (2) he received ineffective assistance of counsel during the adjudication hearing.

■ Gray's first point concerns the admonishments the court gave him prior to accepting his guilty plea in the July 2001 hearing which led to the deferred adjudication order. Gray should have made this complaint in an appeal from the deferred adjudication order. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999); *Munson v. State*, 987 S.W.2d 905, 906 (Tex.App.-Waco 1999, pet. dism'd). His decision to do so at this juncture is untimely. Accordingly, we dismiss Gray's first point.

■ Gray avers in his second point that he received ineffective assistance of counsel during the hearing on the State's motion to adjudicate. Article 42.12, section 5(b) of the Code of Criminal Procedure prohibits Gray from raising these contentions on appeal. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2004); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *see also Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992) (art. 42.12, § 5(b) bars appellant from asserting denial of right to counsel by direct appeal). Accordingly, we dismiss his second point.

■ Some courts would dismiss this appeal for want of jurisdiction. *E.g., Perinon v. State*, 54 S.W.3d 848, 849 (Tex.App.-Corpus Christi 2001, no pet.). We disagree with this approach. The Court of Criminal Appeals has plainly and repeatedly stated that, "[o]nce a notice of appeal has been timely filed in a case, the Court of Appeals obtains jurisdiction over the case." *Bayless v. State*, 91 S.W.3d 801, 803 n. 2 (Tex.Crim.App.2002); *accord Jones v. State*, 796 S.W.2d 183, 186 (Tex.

Crim.App.1990). Thus, Gray's notice of appeal conferred jurisdiction on this Court.

We have dismissed all of Gray's points because, although we have jurisdiction, we may not address either of the claims he asserts. *See Bayless*, 91 S.W.3d at 803 n. 2. Accordingly, we affirm the judgment. *See Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992).

Chief Justice TOM GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The common issue I address in these appeals is whether, having determined we have no jurisdiction to review any issue raised, we affirm the judgment or dismiss the appeal. We have not reviewed any aspect of the trial courts' judgments, so, the proper judgment of this Court for each case is to dismiss the appeal. Because the Court affirms the judgments without reviewing them, I respectfully dissent.

The Court has decided we have no jurisdiction over the issues raised by Gray and Emich. The aspect of these appeals that has caused me to dissent is, having no jurisdiction over any issue for review, do we dismiss the appeal or do we affirm the judgment? In our research, we have found a substantial lack of uniformity. There is authority for each. In 1992, the Court of Criminal Appeals addressed the issue in two cases, coming to different conclusions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992). I have found no Court of Criminal Appeals case since then which discusses this issue. And the cases cited by the majority do not directly address the issue as did *Phynes* and *Olowosuko*.

The intermediate appellate courts are split on this question. The San Antonio and Austin courts affirm the judgment, thus following *Olowosuko*. *Davis v. State*, No. 03–96–00638 CR, 1997 WL 619810, 1997 Tex.App. Lexis 5275 (Austin, October 9, 1997, no pet.)(not designated for publication); *Elizondo v. State*, 861 S.W.2d 294 (Tex.App.-San Antonio 1993, no pet.). The First Court in Houston, Dallas, Fort Worth, Beaumont, El Paso, and Corpus Christi dismiss the appeal if the appellant raises no issue over which they have jurisdiction, thus following *Phynes*. *Sugar v. State*, 132 S.W.3d 550 (Tex.App. Houston [1st Dist.] 2004, no pet. h.); *Woodard v. State*, No. 05–95–00070–CR, 1996 WL 135681, 1996 Tex.App. Lexis 1182 (Dallas, March 27, 1996, no pet.)(not designated for publication); *Kendall v. State*, 929 S.W.2d 509 (Tex.App.-Fort Worth 1996, pet. ref'd); *Collins v. State*, 912 S.W.2d 864 (Tex.App.-Beaumont 1995, no pet.); *Eaden v. State*, 901 S.W.2d 535 (Tex.App.-El Paso 1995, no pet.); *Garza v. State*, 839 S.W.2d 131(Tex.App.-Corpus Christi 1992, no pet.). The reason for the confusion seems to be caused by the apparent inconsistency between *Olowosuko* and *Phynes*, having been issued two weeks apart. The only two cases we have found which mention this inconsistency are *Woodard*, from Dallas, and *Davis*, from Austin.

In *Woodard*, Justice Wright noted the Court of Criminal Appeals specifically instructed courts of appeals to dismiss direct appeals in which an appellant raises an issue over which the court has no jurisdiction, specifically the decision to adjudicate guilt under article 42.12, section 5(b) of the Code of Criminal Procedure. *Woodard*, 1996 WL 135681, at *1–2, 1996 Tex.App. Lexis 1182, at *3–4. She seems to rely, in part, on the fact that Dallas, El Paso, and Beaumont had all dismissed the appeal in this circumstance. *Id.* at *2, at *4. But Justice Wright also noted the apparent inconsistency of *Olowosuko* and *Phynes* and that neither case referenced the other. *Id.* at *1, n. 1, at *3, n. 1.

The Austin court has also mentioned the discrepancy and chose to follow *Olowosuko*, noting that it was issued two weeks after *Phynes* and thus appeared to be the last word from the Court of Criminal Appeals on the subject. *Davis,* 1997 WL 619810, at *2, n. 4, 1997 Tex.App. LEXIS 5275, at *6, n. 4. With this portion of Austin's analysis, I must respectfully disagree. *Olowosuko* had no motion for rehearing, whereas a motion for rehearing in *Phynes* was denied on April 15, a month after *Olowosuko* was issued. Thus, *Phynes* was the Court's last word directly on the subject.

My esteemed colleagues miss the apparent differentiation between affirming a trial court judgment as compared to dismissing an appeal. This distinction comes from the very definition of the terms. *Affirm* is defined as: "To confirm (a judgment) on appeal." *Black's Law Dictionary* 59 (Bryan A. Garner ed., 7th ed., West 1999). To confirm means to give formal approval of something. *Id.* at 294. Whereas *dismiss* is defined as: "To send (something) away; specif., to terminate (an action or claim) without further hearing, esp. before the trial of the issues involved." *Black's Law Dictionary* at 482. In neither of these appeals have we reviewed any aspect of the judgment. Therefore, we cannot give formal approval of, or affirm, the trial court's judgment. Indeed, we have determined that although our jurisdiction has been invoked by a notice of appeal, we do not have jurisdiction to review any of the issues argued by either appellant. Thus, neither appellant has presented anything we can review, and we must terminate their appeals without review of the issues presented. That is, we must dismiss the appeals.

Is this a distinction without difference? No. There is at least one critical distinction between a judgment of affirmance and the dismissal of an appeal. An affirmance, as is a reversal, is a judgment of the court that can be enforced by a writ of prohibition. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex.1989). However, when a court does not rule on the merits of an issue and properly dismisses the appeal, it does not issue a judgment that is capable of enforcement by the extraordinary writ of prohibition. *Id. See also Fitch v. International,* 163 Tex. 221, 354 S.W.2d 372, 373 (1962). I have not engaged in an exhaustive search for other distinctions that may merit consideration.

A former colleague of mine frequently instructed new lawyers: "You are a lawyer now. Words are your tools. Learn to use them with precision." I took that instruction to heart. As a judge, I try to be even more careful.

Because we have reviewed no aspect of the validity of the judgments, we should dismiss these appeals.[1] Because the majority affirms the judgments, I respectfully dissent.

---

1. We have not been favored with a brief which discusses the collateral consequences, if any, to a person convicted if the appeal is affirmed rather than dismissed. If there are any consequences, it would be helpful if the parties would bring them to the court's attention.