IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00083-CR

 

Tracy Hicks,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court # 29450

 



Opinion



 








          In 1993, Tracy Hicks pleaded guilty to three counts
of sexual assault and true to an enhancement allegation paragraph.  As a result, he was sentenced to forty years'
incarceration.  In 2001, Hicks filed a
motion for post-conviction DNA testing. 
The trial court granted Hicks's motion and ordered the testing.  After the testing was completed, the trial
court found that the DNA results were unfavorable to Hicks.  Hicks appeals from this ruling.  We affirm.




ISSUES
RELATING TO HICKS'S 1993 CONVICTION

          Hicks's
first and second issues and his fourth through seventh issues directly attack
his 1993 conviction.  At the time that
Hicks filed his DNA motion, this Court's jurisdiction was confined to appeals of
"findings" under articles 64.03 and 64.04 regarding post-conviction
DNA hearings.[1]  See
Wolfe v. State, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003); Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2 § 2, 2001 Tex. Gen. Laws 2, 4 (amended 2003)
(current version at Tex. Code Crim.
Proc. Ann. art. 64.05 (Vernon Supp. 2004)). 
The jurisdiction granted under chapter 64 does not extend to collateral
attacks on the judgment of conviction.  Lopez v. State, 114 S.W.3d 711, 714-15 (Tex. App.—Corpus Christi 2003, no pet.).  Hicks's issues relating to the 1993 conviction
do not arise from a chapter 64 proceeding, and as a result, we do not have
jurisdiction over them.  Id.  Therefore,
we dismiss Hicks's first and second issues and his fourth through seventh
issues for want of jurisdiction.  See Gray v. State, 134 S.W.3d 471, 472 (Tex. App.—Waco 2004, no pet.).

FARETTA HEARING

          Hicks
argues in his eighth issue that the trial court erred in failing to hold a Faretta hearing before allowing him to
represent himself.[2]  Counsel was appointed to represent Hicks
during the post-conviction DNA hearing. 
After the hearing, the court allowed counsel to withdraw and appointed
new counsel for this appeal.  Hicks
became dissatisfied with his appellate counsel and filed a motion with this Court
to proceed pro se and a motion with
the trial court to allow his appellate counsel to withdraw.  Hicks also sent letters to his appellate counsel
asking him to withdraw.  Without
conducting a hearing, the trial court allowed counsel to withdraw, and Hicks was
permitted to represent himself.

          Hicks's
motions and letters indicate that he understands the dangers and disadvantages
of self-representation.  A defendant's right
to self-representation "cannot be manipulated in such a manner as to throw
the trial process into disarray."  Fulbright v. State, 41 S.W.3d 228, 235
(Tex. App.—Fort Worth 2001, pet. ref'd) (citing Dunn v. State, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991).

          Hicks
indicates in his motions that he intended to represent himself regardless of
whether the trial court allowed his appellate counsel to withdraw.  Hicks claimed that his appellate counsel would
not present certain issues to this Court that Hicks felt was relevant to his
conviction.  Because of this Hicks felt
that it would be in his best interest and in the best interest of the State
that he represent himself.  In addition,
because of the conclusiveness of the DNA evidence and the restriction of this
appeal to chapter 64, the outcome of this proceeding would be no different had
Hicks chosen not to represent himself.  Therefore,
any error in the trial court's failure to hold a hearing is harmless.  See Tex. R. App. P. 44.2; Fulbright, 41 S.W.3d at 235-36.  Accordingly,
we overrule Hicks's eighth issue.

POST-CONVICTION
DNA REVIEW

          Hicks
argues in his third issue that a proper chain of custody was not established
for the evidence tested and that the test results do not support the trial court's
finding that the DNA results was unfavorable.




Chain
of Custody

          Hicks
argues that the evidence of the DNA results should not have been admitted
because a proper chain of custody was not established.  In his motion to the trial court requesting
DNA testing, Hicks asked the court to find that the DNA evidence had been
properly collected and remained in proper custody.  As a result, the trial court found there was
a proper chain of custody and ordered the tests.

          Because
Hicks requested that the trial court find a proper chain of custody, and the
court did so, he is estopped from complaining about it.  The law of invited error estops an appellant
from complaining of error that he induced.  Jones v. State, 119 S.W.3d 766, 784 (Tex.
Crim. App. 2003) (citing Benson v. State,
496 S.W.2d 68, 70 (Tex. Crim. App. 1973). 
Hicks cannot now complain that the trial court granted his request. 

Unfavorable
DNA Evidence

          Hicks
argues that the test results do not support the trial court's finding under
article 64.04 that the results were unfavorable.  Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2 § 2, 2001 Tex. Gen. Laws 4 (amended 2003)
(current version at Tex. Code Crim. Proc.
art. 64.04 (Vernon Supp. 2004)). 
Because the language of article 64.03 is similar to that of article 64.04,
appellate courts have applied the article 64.03 standard of review when
analyzing article 64.04 appeals.[3]  Fuentes
v. State, 128 S.W.3d 786, 787 (Tex. App.—Amarillo 2004, pet. ref'd).  Therefore, we review
de novo the ultimate question of whether a reasonable probability exists
that DNA results are favorable, i.e.
if it is reasonably probable that, had the DNA results been available before or
during trial, appellant would not have been prosecuted or convicted.  Id. (citing Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)).

          Courts
have found the requirement in article 64.03 that the appellant establish by a
preponderance of the evidence that a "reasonable probability exists that
[he] would not have been prosecuted or convicted" to mean that an
appellant must show a reasonable probability that exculpatory DNA tests would
prove his innocence.  Kutzner v. State, 75 S.W.3d 427,
438-39 (Tex. Crim. App. 2002); see also
Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2 § 2, 2001 Tex. Gen. Laws 3 (amended 2003)
(current version at Tex. Code Crim. Proc.
art. 64.03 (Vernon Supp. 2004)).  This is accomplished by showing that there is
a probability of innocence sufficient to undermine confidence in the
outcome.  Baggett v. State, 110 S.W.3d 704, 706 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (citing
Kutzner, 75 S.W.2d at 438-39).  Therefore, we must
review de novo whether the DNA
results create a probability of innocence sufficient to undermine our
confidence in the outcome of Hicks's 1993 trial.  Fuentes,
128 S.W.3d at 787; Baggett, 110
S.W.3d at 706.

          The
test results show that the DNA of Hicks was "consistent" with the DNA
taken from the semen present on the vaginal swab of the victim.  The probability that Hicks was not the source
of the DNA was 1 in 37.04 quintillion for Caucasians, 1 in 12.8 quintillion for
African Americans, and 1 in 11.2 quintillion for Hispanics.  Because the odds that Hicks was not the
contributor of the DNA exceeds the world's population, we find that these
results do not create a probability of innocence sufficient to undermine our
confidence in Hicks's conviction.  Fuentes, 128 S.W.3d at 788.  Accordingly, we overrule Hicks's third issue.




CONCLUSION

          Having
dismissed or overruled all of Hicks's issues, we affirm the judgment of the
trial court.

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and 

          Justice Reyna

Affirmed

Opinion delivered and filed October
 27, 2004

Publish

[CR25]











    [1]       In 2003, the Legislature changed the law
to allow an appeal under chapter 64 in its entirety.  Tex.
Code Crim. Proc. art. 64.05 (Vernon Supp. 2004). 
The current law applies to appellants who submit a motion for DNA
testing on or after September 1, 2003.  Hicks
submitted his motion in 2001.  Therefore,
the former law applies to Hicks's case.  See Wolfe v. State, 120 S.W.3d 368,
370-72 (Tex. Crim. App. 2003).

 





    [2]       When a defendant wishes to represent
himself, a Faretta hearing is
required to advise him of the dangers and disadvantages of
self-representation.  See Faretta v. California, 422 U.S. 806, 821, 95 S. Ct. 2525, 2534, 45 L. Ed. 2d 562 (1975); see also Tex. Code Crim. Proc. Ann. 1.051(g) (Vernon Supp. 2004).





    [3]           We apply the standard of review as
interpreted by the courts under former chapter 64, as explained above; yet, we
note that the Legislature has changed the standard of review for appeals filed
under articles 64.03 and 64.04.  See Tex.
Code Crim. Proc. arts. 64.03, 64.04 (Vernon
Supp. 2004).