NO. 07-03-0111-CR
07-03-0112-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2004

_____


COURTNEY WEEDEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 7047-B, 7048-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Courtney Weeden brings companion appeals from orders denying his requests pursuant to Chapter 64 of the Code of Criminal Procedure for DNA testing of evidence from his 1991 prosecution. We will dismiss the appeals.

Appellant was convicted in January 1991 of aggravated sexual assault of his two daughters, each under the age of 14. The jury assessed punishment in each case at 99 years confinement and a fine of $10,000. We affirmed both convictions on direct appeal over assertions of error arising from specific prosecution arguments. *Weeden v. State*, Nos. 07-91-032-CR, 07-91-033-CR (Tex.App.–Amarillo August 7, 1992, pet. denied).

In 2001 the Legislature added Chapter 64 to the Code of Criminal Procedure. *See* Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2 (current version codified at Tex. Code Crim. Proc. Ann. art. 64.01 -.05 (Vernon Supp. 2004)).[1] It authorizes a convicted person to move for forensic DNA testing of evidence in specific circumstances. The convicting court may order forensic DNA testing only if it finds there exists evidence that is possible to test, the evidence has been subject to an adequate chain of custody, and identity was or is an issue in the case. *See* art. 64.03(a) (amended 2003). Under the version of article 64.03(a)(2)(A) in effect at the time of appellant's motions he also had to show by a preponderance of the evidence a reasonable probability he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. If testing is performed the trial court must hold a hearing and make a finding as to whether the results are favorable to the movant. Art. 64.04. The statute does not authorize any further action by the trial court.

In January 2002 appellant requested appointment of counsel to represent him in presenting motions to obtain orders directing testing under Chapter 64. *See* art. 64.01(c).

---

[1]Unless otherwise noted, subsequent statutory references are to the version of Chapter 64 of the Code of Criminal Procedure in effect at the time of appellant's motions.

The court appointed counsel, who filed a motion in each case. Those motions alleged the State was in possession of biological material collected from appellant and his daughters in the course of its investigation of the offenses, that DNA from the samples had not been compared, and that the identity of the person who assaulted his daughters is an issue in the cases.

The trial court signed an order directing the State to deliver to the court the evidence or explain why it could not deliver the evidence. The State filed a response challenging two of the elements appellant was obligated to establish under Chapter 64. It argued first, that no biological material existed on which to conduct testing, and second, that identity was not and is not an issue in the case. The State attached the affidavit of investigator Craig Allen reciting his efforts to locate any existing biological samples which could be subject to testing,[2] and that no such material existed.

In support of its position that identity was and is not an issue in the case, the State pointed out that appellant confessed and admitted his guilt during the punishment phase of his trial. It attached excerpts of the reporter's record where appellant admitted to molesting both daughters.[3]

---

[2]We note Allen's affidavit states that at his request the Randall County Sheriff's Department searched for evidence related to "case number 20-900604." The trial court cause numbers giving rise to appellant's convictions were 7047-B and 7048-B. The affidavit does not expressly state whether 20-900604 is a Department case number arising from the same events.

[3]Our opinion on direct appeal also recited appellant's confession in open court. *Weeden*, slip op. at 3.

The trial court denied appellant's request for an evidentiary hearing,[4] but heard argument on the motions for DNA testing. At that hearing appellant presented no challenge to the State's evidence that any biological material had been destroyed, but argued destruction of evidence collected during the investigation denied him his rights to equal protection and due process under the federal constitution. The trial court denied the motions based on its determination that no biological material existed. *See* art. 64.03(a)(1). At the hearing the court expressed the opinion that on a finding no biological material exists "the court's inquiry stops there." The court nevertheless went on to address appellant's constitutional arguments. It denied any relief on constitutional grounds, citing appellant's judicial confession and the fact that Chapter 64 was enacted well after his conviction. The court issued findings of fact and conclusions of law to the effect that the State conclusively established no biological material existed on which to conduct forensic DNA testing, and appellant was not entitled to an evidentiary hearing on that issue. Appellant timely perfected appeal from the order in each case.

Appellant presents two points of error on appeal. He first argues the State's failure to make any effort to preserve biological material gathered as evidence during its investigation denied appellant his right to test his conviction under Chapter 64 of the Code of Criminal Procedure, thereby denying him equal protection and due process. Appellant's second point asserts the State's failure to give him any notice of its intention to dispose of the biological material has denied him due process of law. Appellant's supporting

---

[4]Appellant does not challenge this ruling. *See Cravin v. State*, 95 S.W.3d 506, 509 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd) (holding that no evidentiary hearing is required in a proceeding under Chapter 64).

arguments do not contend the trial court erred in applying Chapter 64 to the facts of his cases. His arguments address only the denial of his rights to due process and equal protection of the law under the federal constitution.

In support, appellant points to the requirement of article 38.39 requiring preservation of biological material. Tex.Code Crim.Proc. Ann. art. 38.39 (Vernon pamph 2004). While acknowledging the inapplicability of that statute here because it was not adopted until 2001, appellant seeks to apply, by analogy, the common law doctrine of spoliation of evidence. His argument concludes "his cases should be reversed and rendered in all things" and he prays for reversal and rendition, or remand to the trial court.

The State initially challenges our jurisdiction over this appeal. Its challenge is based on the language of article 64.05 in effect at the time appellant filed his motions. In July 2002 the statute provided:

> An appeal of a finding under Article 64.03[5] or 64.04[6] is to a court of appeals, except that if the convicted person was convicted in a capital case, the appeal of the finding is a direct appeal to the Court of Criminal Appeals.[7]

---

[5]Concerning the convicted person's entitlement to testing.

[6]Concerning whether the results of testing are favorable to the movant.

[7]The Legislature has since amended article 64.05. *See* Act of May 9, 2003, 78th Leg., R.S., ch. 13, § 5, 2003 Tex.Gen.Laws 16, 17. The current version states:

> An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals.

Tex.Code Crim.Proc. Ann. art. 64.05 (Vernon Pamph. 2004). The amendments to Chapter

Acts of April 5, 2001, 77th Leg. R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4.

The State argues article 64.05 does not authorize this appeal because articles 64.03 or 64.04 do not authorize findings on the State's destruction of evidence or failure to give notice of such destruction, thus appellant's points of error do not challenge findings under those articles. From that it concludes we have no jurisdiction over the appeal. In support, the State cites *Wolfe v. State*, 120 S.W.3d 368 (Tex.Crim.App. 2003) (orig. proceeding), *Kutzner v. State*, 75 S.W.3d 427 (Tex.Crim.App. 2002), and our opinion in *Watson v. State*, 96 S.W.3d 497 (Tex.App.–Amarillo 2002, pet. ref'd).

*Wolfe* and *Kutzner* clearly stand for the proposition that, before its 2003 amendment, article 64.05 did not authorize appeal of findings under any article of Chapter 64 but 64.03 and 64.04. *Wolfe*, 120 S.W.3d at 371; *Kutzner*, 75 S.W.3d at 434. As the Court of Criminal Appeals recently noted in *Bayless v. State*, 91 S.W.3d 801, 803 n.2 (Tex.Crim.App. 2002), there is a distinction to be drawn between a court of appeals' jurisdiction over an appeal and its power to address the merits of an appellant's claims. Observing that distinction, we cannot agree with the State that we lack jurisdiction over this appeal. Nonetheless, we agree that the points of error appellant presents must be dismissed. The language in former article 64.05 referring to appeal of findings under articles 64.03 and 64.04 is reflective of the limited actions a trial court can take in a Chapter 64 proceeding. As this court recognized in *Watson*, Chapter 64 does not authorize a trial court to render an order releasing a convicted person. 96 S.W.3d at 500. Likewise, our review of the trial court's

64 apply only to motions filed after the effective date of September 1, 2003. The prior law continues in effect for motions filed prior to that date.

action is limited to the matters the trial court was authorized to consider. *Id.* In *Watson*, the appellant presented challenges to a finding under article 64.03, and argued that the failure to preserve evidence denied him due process of law. *Id.* at 498. We considered his first issue, holding the evidence supported the trial court's finding there was no testable biological material. *Id.* at 500.

With regard to Watson's due process claims, we initially noted that, even if it were applicable, article 38.39 provides no remedy, from a convicting court or otherwise, for the failure to preserve biological material. *Id.* at 500. Unlike Chapter 64, there is no trial court proceeding under article 38.39 so there can be no judgment or order from which an appeal can be brought. We also recognized that the only final relief authorized by Chapter 64 is rendition of a finding on whether results of DNA testing are favorable to the convicted person. Art. 64.04. Because Watson sought release from custody on the basis of alleged deprivation of constitutional rights, his request "amounts to a request for habeas [corpus] relief." *Id.* at 500. Noting this court's jurisdiction does not extend to writs of habeas corpus, we dismissed those points of error for want of jurisdiction, and affirmed the judgment of the trial court. *Id.*

Like Watson, appellant alleges deprivation of his constitutional right to due process. He seeks reversal, not of the order from which he brings this appeal, but of his original convictions. Also like Watson, appellant cites no authority showing we may consider the issues he presents. *Id.* Because his points of error do not present challenges to findings of the trial court made under articles 64.03 or 64.04 but instead seek relief we are not

authorized to give, we may not consider either of appellant's points, and we dismiss them both.  Having dismissed the points of error appellant presents, we dismiss the appeals.[8]

James T. Campbell
Justice


Do not publish.

---

[8]See *Phynes v. State*, 828 S.W.2d 1 (Tex.Crim.App. 1992); *Gray v. State*, 134 S.W.3d 471 (Tex.App.–Waco 2004, no pet.) (noting difference between dismissal of appeal and affirmance of judgment).