IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00172-CR

 

James Wiley Barnes, III,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2006-586-C2

 



MEMORANDUM  Opinion



 

James Wiley Barnes, III appeals the
trial court’s revocation of his deferred adjudication community supervision and
imposition of a six-year prison sentence.  We will affirm the trial court’s
judgment.

Barnes had entered into a negotiated
plea agreement in which he pled guilty to the second-degree felony offense of
aggravated assault—threat with a deadly weapon and was placed on deferred
adjudication community supervision for five years, beginning June 20, 2006.  The
State filed a motion to adjudicate guilt on March 21, 2007, alleging fifteen
violations of community supervision.  After an April 27, 2007 hearing, on April
30, 2007, the trial court found Barnes guilty and assessed the six-year
sentence.  Barnes appeals, asserting in two issues that he did not fail to
avoid injurious or vicious habits and that he did not fail to avoid contact
with the victim.

The State points out that Barnes may not
raise these issues under the version of section 5(b) of article 42.12 in effect
at the time of Barnes’s guilty plea and the adjudication proceedings.

A defendant was statutorily prohibited
from complaining on appeal of errors occurring at the hearing on the State’s
motion to proceed to adjudication.  Gray v. State, 134 S.W.3d 471, 472
(Tex. App.—Waco 2004, pet. denied) (citing Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999)).  At the time relevant to this case, section
5(b) provided:  “The defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge.  No appeal may be taken from this determination.” 
See Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Sess.
Law Serv. 4404, 4405 (amending section 5(b) to provide that the trial court’s
“determination is reviewable in the same manner as a revocation hearing
conducted under Section 21” of Article 42.12) (emphasis added) (current version
at Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2008)); see Durgan v. State, 240
S.W.3d 875, 877-78 (Tex. Crim. App. 2007).

            Section 5(b) of article
42.12 has been amended to treat decisions to adjudicate similarly to decisions
to revoke community supervision, but the amended statute applies only to
decisions to adjudicate made on or after June 15, 2007.  Durgan, 240
S.W.3d at 877 n.1; see Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b).

Under
the applicable law, we dismiss Barnes’s two issues.  The trial court’s judgment
is affirmed.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed April 1, 2009

Do
not publish

[CR25]

 

 






-05-00344-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

BRANDON RATCLIFF,

                                                                      Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 04-00241-CRM-CCL2

 

 



DISSENTING OPINION



 








      For the reasons stated below,
I dissent.  I sometimes believe, based upon the case law, that a majority of
the Court gives too little deference to the trial court’s discretion.  E.g.,
Gonzales v. State, Nos. 10-03-00309-CR & 10-03-00312-CR, 2005 Tex. App. LEXIS 1501, at *9-*12 (Tex. App.—Waco Feb. 23, 2005, no pet.) (Gray, C.J.,
dissenting) (not designated for publication).  Here, again based upon the case
law, I believe that the majority gives too much.

      I disavow, first, of course, as
I often do, the majority opinion’s extravagantly unnecessary dicta.  E.g.,
Villanueva v. State, No. 10-05-00288-CR, 2006 Tex. App. LEXIS 9402, at
*30-*32 (Tex. App.—Waco Oct. 18, 2006, no pet.) (Gray, C.J., dissenting).  It
does not require twenty-three pages to dispose of these cases, even though they
are four, related cases.  The majority’s discussion of the several states’
speedy-trial acts, (see slip op. at 4-8 (majority op.)), is particularly
egregious: Texas does not have a speedy trial act.

      Next, the majority correctly
states, then disregards, the standard of review.  “[W]e apply a bifurcated
standard of review: an abuse of discretion standard for the factual components,
and a de novo standard for the legal components.”  (Slip op. at 2
(majority op.) (quoting Zamorano v. State, 84 S.W.3d 643, 648 (Tex.
Crim. App. 2002)).)  For instance, the majority holds that “[t]he court did not
abuse its discretion by holding the State responsible for the mistrial,” and
that “the record supports the trial court’s ruling” on matters of law “so we
‘must uphold’ it.”  (Id. at 16, 17, 21, 22 (quoting Shaw v. State, 117
S.W.3d 883, 889 (Tex. Crim. App. 2003)).)  Here, the facts are largely
undisputed.  We must uphold the trial court’s legal ruling on a speedy-trial
motion only if the ruling is “correct under the applicable law.”  Shaw, 117
S.W.3d at 889 (citing State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim.
App. 1999)).  Among the factors to which, as a matter of law, we must hold
strongly against the appellants, especially Manley, Brown, and Ratcliff, is the
untimely assertion of the right to a speedy trial.  See Kelly v. State, 163
S.W.3d 722, 727-29 (Tex. Crim. App. 2005); see also Barker v. Wingo, 407
 U.S. 514, 532 (1972).  “[F]ailure to assert the right will make it difficult
for a defendant to prove that he was denied a speedy trial.”  Barker at
532.

      The majority similarly fails
to consider the weight that each factor in the analysis carries.  The majority
states the standard of review: “Different weights are assigned to the various
reasons for the delay asserted by the State.”  (Slip op. at 8 (majority op.)
(citing Shaw, 117 S.W.3d at 889)); see Barker, 407 U.S. at 531.  A period of time may weigh “very heavily,” “more heavily,” “heavily,” “less
heavily,” “moderately,” or only “lightly” either for or against a party.  E.g.,
Barker at 531; Kelly, 163 S.W.3d at 729, 730; Shaw at 890; Dragoo
v. State, 96 S.W.3d 308, 312, 314 (Tex. Crim. App. 2003); Zamorano, 84
S.W.3d at 649, 651; Munoz, 991 S.W.2d at 822; Deeb v. State, 815
S.W.2d 692, 706 (Tex. Crim. App. 1991); Chapman v. Evans, 744 S.W.2d
133, 136 (Tex. Crim. App. 1988) (orig. proceeding).  The majority, however,
considers all periods of time as carrying equal weight.  For example, the
majority holds that “twenty-one of the twenty-nine months can be attributed to
the State” as to Lewis, “thirty-three of the thirty-four months can be
attributed to the State” as to Brown, and “thirty-one of the thirty-four months
can be attributed to the State” as to Manley.  (Slip op. at 17, 22 (majority
op.).)  Again, particularly as to the assertion of the right to a speedy trial,
and particularly as to Manley, Brown, and Ratcliff, the majority fails to give
due weight to the failure to assert the right timely.

      For the reasons above, I
dissent.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed February
7, 2007

Publish

[CR25]